IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DALE A COPEMANN,

    Plaintiff,

v.                                                        CASE NO. 1:10-cv-00228-SPM -GRJ

CITIFINANCIAL BANK, et al,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint, a motion for leave to proceed in forma pauperis, and a motion for court appointed counsel, which have been transferred to this Court from the United States District Court for the District of Columbia. (Doc. 4). Plaintiff is proceeding *pro se* and has filed this cause alleging that Citifinancial Bank and a loan officer in that bank, Jennifer Schwarze, violated his civil rights when his loan was denied after she obtained his credit report. (Doc. 1). He also makes vague allegations that she was involved in "identity theft" with the Equifax Credit Bureau. Lastly, Plaintiff alleges that the bank officer violated his rights under Fla. Stat. § 501.005, a provision of Florida law that deals with placing a security freeze on a consumer report.

The screening process under 28 U.S.C. §1915 applies to a non-prisoner *pro se* litigant, like Plaintiff, who is proceeding *in forma pauperis*. Boyington v. Geo Group, Inc., case no. 2:09-cv-570-FtM-29SPC, 2009 WL 3157642 at *1 (M.D. Fla. September 25, 2009); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001); *see also* Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002)(affirming the application of § 1915's provisions to a non-prisoner's complaint).

In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." Dycus v. Astrue, Case no. CA 08-0727-KD-C, 2009 WL 47497, at *1 (S.D. Ala. Jan. 7, 2009). An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous. Martinez v. Kristi Kleaner's Inc., 364 F.3d 1305, 1306 (11th Cir.2004); see also Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir.1997) (stating that a court may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious).

A claim is frivolous if it is based upon an indisputably meritless legal theory. Neitzke v. Williams, 490 U.S. 319, 317 (1989) (applying section 1915). This circuit has defined a frivolous appeal under section 1915 as being one 'without arguable merit. " Harris v. Menendez, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). 'Arguable means capable of being convincingly argued. "Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (*quoting* Menendez, 817 F.2d at 740 n. 5); see Clark v. State of Ga. Pardons and Paroles Bd, 915 F.2d 636, 639 (11th Cir. 1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are slight); see also Weeks v. Jones, 100 F.3d 124, 127 (11th Cir.1996) (stating that [f]actual allegations are frivolous for purpose of [28 U.S.C.] 1915(d) when they are clearly baseless; legal theories are frivolous when they are indisputably meritless. ") (citations omitted).

Because Plaintiff has identified his cause of action on the civil cover sheet as an action brought under 42 U.S.C. § 1983, Plaintiff must allege facts which arguably could

give rise to a § 1983 claim. Plaintiff has failed to do so for a number of fundamental reasons.

First and foremost, Plaintiff has failed to allege any action by the bank or bank officer (or anyone else) under color of state law. A successful section 1983 action requires a plaintiff to show he was deprived of a federal right by a person acting under "color of state law." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992) *citing* Flagg Brothers, Inc. v. Brooks, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. Edwards v. Wallace Community College, 49 F.3d 1517, 1722 (11th Cir. 1995) *citing* West v. Atkins, 487 U.S. 42, 48-50, 108 S. Ct. 2250, 2255, 101 L. Ed. 2d 40 (1988). Although private individuals and entities may be held liable under §1983, such persons must be jointly engaged with state officials in the prohibited conduct to constitute acting under color of state law for purposes of the statute. Adickes v. Kress & Co., 398 U.S. 144, 152 (1970). Private action may be deemed state action for §1983 purposes only when the challenged conduct may be "fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982).

To hold that private parties are acting under color of state law pursuant to 42 U.S.C. § 1983, a Plaintiff must prove one of the following three conditions: (1) that the state has coerced or significantly encouraged the parties to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive province of the State; or (3) the State had so far insinuated itself into a position of

interdependence with the private parties that it was joint participant in the enterprise. Rayburn, etc. v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001).

Plaintiff has failed to allege any facts suggesting any link between the actions of the bank or the bank loan officer and any state action. In the absence of any facts suggesting that the conduct was carried out under color of state law, Plaintiff cannot proceed in federal court under § 1983.

In addition to the fact that the conduct alleged in the Complaint does not involve state action, the Complaint is devoid of any facts suggesting that Plaintiff's civil rights were violated.

Lastly, to the extent that Plaintiff is attempting to allege that his rights were violated under Florida law, an action cannot be maintained under § 1983 for violation of state law. Section 1983 is limited to claims for violation of federal rights based upon conduct carried out under color of state law. Simply put, the claim must involve a violation of a federal right against an actor who is acting under color of state law. Based upon the facts alleged in the Complaint, Plaintiff cannot establish either.

In light of the foregoing, it is respectfully **RECOMMENDED**:

The Motion for IFP and for appointment of counsel (docs. 2 and 3) should be **DENIED** and this cause should be **DISMISSED** for failure to state a claim for relief.

At Gainesville, Florida, this 1st day of December 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**